[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Yvonne Glover, appeals the judgment of the Hamilton County Court of Common Pleas convicting her of felonious assault pursuant to R.C. 2903.11(A)(2). The court found Glover guilty after a bench trial and sentenced her to a term of incarceration. For the following reasons, we affirm the trial court's judgment in part, reverse it in part, and remand the cause for the reimposition of the sentence.
{¶ 3} In her first and second assignments of error, Glover argues that the conviction was based upon insufficient evidence and was against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
{¶ 4} R.C. 2903.11(A)(2), governing felonious assault, provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." Here, the victim testified that, after an argument, Glover hit her on the head with a forty-ounce glass beer bottle and repeatedly stabbed her with a kitchen knife, causing serious injuries. Numerous eyewitnesses substantially corroborated the victim's testimony. Thus, the state presented ample evidence concerning each element of the crime. And while Glover cites her own denial of the offense as well as inconsistencies in the state's evidence, we cannot say that the trial court lost its way in finding her guilty. The first and second assignments of error are overruled.
{¶ 5} In the third and final assignment of error, Glover argues that the trial court erred in failing to inform her, at sentencing, of the possibility of post-release control. The state concedes that the trial court erred. Accordingly, we sustain the third assignment of error and remand the cause for the trial court to notify Glover about (1) the potential for supervision under R.C. 2967.28 after she leaves prison and (2) the ramifications of violating any period of post-release supervision or any condition of post-release control, and for the reimposition of sentence following that notification.[3]
{¶ 6} Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with the foregoing.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] See State v. Dejanette, 1st Dist. No. C-010693, 2002-Ohio-4802, at ¶ 16, jurisdictional motion overruled in 98 Ohio St.3d 1424,2003-Ohio-259, 782 N.E.2d 78.